UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OLDAMO FRAZER,

               Plaintiff,

         -against-

THE COUNTY OF DUTCHESS COUNTY
JAIL; CORRECTIONAL OFFICER JOHN
DOE,

             Defendants.

25-CV-6996 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, who currently is incarcerated at Groveland Correctional Facility in Sonyea, New York, brings this action, *pro se*, invoking 42 U.S.C. § 1983, and alleging that Defendants violated his rights when he slipped and fell while he was detained at the Dutchess County Jail. By order dated September 26, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

### STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

2

**BACKGROUND**

Plaintiff brings this action against the "County of Dutchess County Jail" and Correctional Officer John Doe. The following facts are drawn from the complaint.[2] On August 18, 2024, while Plaintiff was working in the kitchen at the Dutchess County Jail, Officer John Doe told him to clean the kitchen. Because there were places that Plaintiff could not reach, such as the ventilation system, Officer Doe gave Plaintiff a six-foot ladder. While Plaintiff was cleaning, "the ladder slipped from under [his] feet while [he was] standing on it." (ECF 1, at 4.) Since that day, Plaintiff has been "in and out of the hospital" and still experiences pain in his back, arm, and leg. (*Id.*) He further alleges that since the fall, he has been experiencing numbness that can cause him to "use the bathroom on [him]self." (*Id.* at 5.)

Plaintiff seeking $5 million in damages and that "all current & future medical bills paid in full." (*Id.* at 5.)

**DISCUSSION**

Plaintiff brings claims under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

**A.      "County of Dutchess County Jail"**

To the extent Plaintiff seeks to sue the Dutchess County Jail, those claims must be dismissed because a jail is not a "person" that may be sued under Section 1983. *See Whitley v. Westchester Cnty. Corr. Fac. Admin.*, No. 97-CV-420 (SS), 1997 WL 659100, at *7 (S.D.N.Y.

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are in the original document unless noted otherwise.

Oct. 22, 1997) (correctional facility or jail not a "person" within the meaning of Section 1983); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. June 24, 1994) (Orange County Jail is not suable under Section 1983).

To the extent Plaintiff seeks to sue Dutchess County, which is a suable entity under Section 1983, the Court must also dismiss those claims. When a plaintiff sues a municipality, such as a county, under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Here, Plaintiff alleges that he was injured on a single occasion while climbing a ladder. He alleges no facts suggesting that the County of Dutchess has a policy, custom, or practice that caused a violation of his federal rights. The Court therefore dismisses Plaintiff's claims against the County of Dutchess for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.   Conditions of confinement claim**

The Court construes Plaintiff's complaint as asserting a conditions of confinement claim against the John Doe correction officer. Because Plaintiff appears to have been a pretrial detainee at the time of the operative events, his claim arises under the Due Process Clause of the Fourteenth Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29, 33 n.9 (2d Cir. 2017).

To state a conditions of confinement claim under the Fourteenth Amendment, a plaintiff must establish two elements: (1) that the challenged conditions are sufficiently serious, and (2) that defendant acted with at least deliberate indifference to those conditions. *Id.* at 29. To satisfy the first element, the plaintiff must plead facts that "show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety. *Id.* at 30 (citation omitted). To satisfy the second element, the plaintiff must allege facts showing that a jail official "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35.

The negligence of correction officials is not a viable basis for a claim of a federal constitutional violation under Section 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Darnell*, 849 F.3d at 36 ("[A]ny § 1983 claim for a violation of due process requires proof of a *mens rea* greater than mere negligence.") (footnote omitted).

The Second Circuit has held that a plaintiff can state a deliberate indifference claim with respect to conditions at a prison workplace, where the prisoner was ordered by a correctional officer to continue using a ladder even though the plaintiff had informed the officer that the ladder was unsafe. *See Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987) (citing *Whitley v.*

5

*Alters*, 475 U.S. 312, 319 (1986) (holding allegations that prison officials ordered prisoner to climb a ladder the official knew to be unsafe stated Eighth Amendment claim)); *Walker v. Vargas*, No. 11-CV-9034 (ER), 2013 WL 4792765, at *7 (S.D.N.Y. Aug. 26, 2013) (holding that "[a] prison official acts with deliberate indifference when she orders a prisoner to work in conditions that she knows to be unsafe.").

However, a plaintiff does not state a claim where there are "no allegations that the officer had notice of the unsafe conditions." *Bauman v. Walsh*, 36 F. Supp. 2d 508, 514 (N.D.N.Y. 1999) (citing *Gill*, 824 F.2d at 195); *see Patterson v. Colon*, No. 20-CV-9317 (CS), 2022 WL 563860, at *5 (S.D.N.Y. Feb. 24, 2022) (holding that even if the plaintiff could satisfy the objective prong, his claims fail under the subjective prong because he alleged no facts suggesting that the defendant knew the material he was tasked with removing was hazardous).

Here, Plaintiff does not allege any facts suggesting that using a ladder to clean certain spots in the kitchen posed an unreasonable risk of serious harm to his health or safety, or that Officer Doe (or any correction officer) was deliberately indifferent to a risk of serious harm. Even if Plaintiff's allegations could be construed as suggesting that Officer Doe was negligent in not appreciating the risks of climbing a ladder, "mere negligence will not suffice" to show deliberate indifference. *Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996). Thus, while Plaintiff's allegations may be sufficient to state a claim of negligence under state law, they do not state a federal claim under Section 1983. The Court therefore dismisses Plaintiff's claims under Section 1983 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.     State law claims**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

6

Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**D.    Request for counsel**

Plaintiff filed an application for the court to request *pro bono* counsel. (ECF 3.) The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because this action is being dismissed with leave to replead, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

**LEAVE TO AMEND GRANTED**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid Section 1983 conditions of confinement claim, the Court grants Plaintiff 30 days' leave to amend his complaint to cure the deficiencies identified above.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

The Court declines to exercise supplemental jurisdiction of Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3).

The Court denies Plaintiff's application for the court to request *pro bono* counsel without prejudice to renewal at a later time. (ECF 3.)

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   November 20, 2025
        New York, New York

_____
        LOUIS L. STANTON
        U.S.D.J.