UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Oldamo Frazer,

Plaintiff,

-against-

The County of Dutchess County Jail *et al*,

Defendants.

25-cv-06996 (NSR)(JCM)

MEMORANDUM & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff Oldamo Frazer ("Plaintiff"), by undated letter received July 31, 2026, renews his request for appointment of *pro bono* counsel. (ECF No. 19.) The Court previously denied Plaintiff's first application for pro bono counsel without prejudice to renewal at a later time. (ECF No. 7.)

Unlike in criminal proceedings, the Court does not have the power to obligate attorneys to represent indigent *pro se* litigants in civil cases. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 308–09 (1989). Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, at its discretion, order that the Pro Se Office request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's pro bono panel. *See Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).

The Second Circuit set forth the standards governing the appointment of counsel in *pro se* cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60–62 (2d Cir. 1986). These cases direct the district courts to "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and then, if this threshold is met, to consider "secondary criteria," including the *pro se* litigant's "ability to obtain representation independently,

and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392 (quoting *Hodge*, 802 F.2d at 61–62). "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and the Court should determine whether the *pro se* litigant's "position seems likely to be of substance," or shows "some chance of success." *Hodge*, 802 F.2d at 60-61.

The proceedings are still at an early stage: Defendants' motion to dismiss the Amended Complaint is currently being briefed, and discovery has not yet commenced. Thus, the Court is unable to conclude that Plaintiff cannot handle the case without assistance, although this conclusion may change as the action progresses. Furthermore, the Court still cannot ascertain whether Plaintiff's position shows a strong chance of success, nor are the legal issues in this case particularly complex.

Therefore, because the Court does not find any circumstances which warrant the appointment of pro bono counsel *at this time*, Plaintiff's motion is DENIED without prejudice to renew at a later stage in the proceedings. The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff at the address listed on ECF and to Plaintiff at Mohawk Correctional Facility, P.O. Box 8451, Rome, NY 13442, and to show proof of service.

Dated: August 3, 2026
White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge